**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4089**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TYREISE D. SWAIN,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:08-cr-00326-HFF-1)

Submitted:  July 23, 2010          Decided:  October 15, 2010

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert M. Sneed, ROB SNEED LAW FIRM, LLC, Greenville, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyreise D. Swain appeals his conviction and sentence for various crimes arising out of his robbery of five Sally Beauty Supply Stores in South Carolina. For the following reasons, we affirm Swain's conviction and sentence.

I.

From December 2, 2006 through March 9, 2007, Swain robbed five Sally Beauty Supply Stores in upstate South Carolina and, in June 2007, he robbed a Sally Beauty Supply Store in Gastonia, North Carolina. Swain utilized a similar plan in committing each robbery, entering the stores near closing on a Friday or Saturday night. Once in the store, he would then ask for assistance from an employee, brandish a firearm, which several employees identified as a .25 caliber handgun, and request the money from the cash register and the safe. Swain would then take the employees to the back room where the safe was located and tell them to count to fifty or one hundred before leaving. During each robbery, Swain took at least one employee's driver's license and would threaten the employees that, if they aided the police in identifying him, he would kill them. Swain would provide a specific false description that the employees should give police — for instance, that he was black

2

or wore a mask. Swain is, in fact, a light-skinned Hispanic male of short to medium height.

Investigator Jeff Maxwell with the Greenville County Sheriff's Office was assigned to the robbery of the Greenville Sally Beauty Supply Store and, in late May 2007, received a tip from a police officer in Connecticut that Swain could be responsible for the robberies. Acting on this tip, Maxwell prepared a photo lineup with Swain's picture; multiple employees eventually picked Swain out of the lineup. Maxwell thus prepared an arrest warrant for Swain and contacted the United States Marshals Fugitive Task Force for assistance in apprehending Swain.

The Task Force apprehended Swain at his girlfriend's apartment in Greenville. During a consensual search of the apartment, officers seized directions to Sally Beauty Supply Stores, .25 caliber ammunition, and the driver's license for an employee of the Sally Beauty Supply Store in Gastonia. Swain was taken into custody and, the next day, provided a written statement to police admitting to robbing the five Sally Beauty Supply Stores in South Carolina.

Based upon this conduct, Swain was charged with five counts of robbery, in violation of 18 U.S.C. § 1951(a) (2006); five counts of using and carrying a firearm during a robbery, in violation of 18 U.S.C. § 924(c)(1)(A) (2006); one count of being

3

a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006); and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). Following a jury trial, Swain was convicted on all twelve counts and sentenced to 1494 months imprisonment. Swain noted a timely appeal.

## II.

On appeal, Swain contends that the Government's use of the term "felon" and "fugitive" during the trial violated his fair trial rights as did the district court's use of the term "felon" during its jury instructions.[1] Swain concedes that he did not raise a contemporaneous objection at trial to the use of these terms. Our review is thus for plain error. See Fed. R. Crim. P. 52(b). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Even assuming the party satisfies this three-part showing, this Court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial

---

[1] Swain also argues that these remarks violated the Federal Rules of Evidence. Having reviewed the record, we find no plain error in admission of these remarks under those Rules.

proceedings." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted).

Applying this standard, we find no plain error. First, Swain contends that the Government's use of the term "felon" during its opening statement in describing the § 922(g) counts against Swain instead of the statutory language, "crime punishable by imprisonment for a term exceeding one year," violated Swain's right to a fair trial. We disagree.

"In reviewing a claim of prosecutorial misconduct, [this Court] review[s] the claim to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks omitted). Under this analysis, a defendant must first show that the prosecutor's remarks were improper and then establish that the remarks prejudicially affected his substantial rights thus depriving him of a fair trial. Id. In making this second inquiry, we look to six factors: (1) the degree to which the remarks had a tendency to mislead the jury and prejudice the defendant; (2) "whether the remarks were isolated or extensive"; (3) the strength of the evidence against the defendant; (4) whether the comments were deliberately placed to divert the jury's attention; (5) whether the remarks were invited by defense counsel; and (6) whether the district court

5

gave curative instructions to the jury. Id. at 186 (citing United States v. Wilson, 135 F.3d 291, 299 (4th Cir. 1998)).

First, these remarks were not improper. We have previously indicated that the phrase "crime punishable by imprisonment for a term exceeding one year" is "commonly referred to as a 'felony.'" United States v. Milton, 52 F.3d 78, 79 n.1 (4th Cir. 1995). In addition, in Old Chief v. United States, 519 U.S. 172 (1997), on which Swain heavily relies, the Court itself referred to § 922(g) as prohibiting "possession of a firearm by anyone with a prior felony conviction." Id. at 174 (emphasis added). Indeed, Swain has pointed to no case law finding reversible error for using the word "felon" or "felony" in describing a § 922(g) count.

Moreover, even assuming the Government's comments were improper, the Scheetz prejudice factors weigh heavily against Swain. In Scheetz, we noted the "most important[]" factor was strength of the evidence against the defendant. Scheetz, 293 F.3d at 186. As the factual record illustrates, the Government provided overwhelming evidence of Swain's guilt in this case. The Government presented testimony from store employees from each of the five stores Swain robbed, most of whom identified Swain both in a photo lineup and in court. Moreover, at least one employee from each store testified that Swain used a gun during the robberies. Furthermore, Swain provided detailed

6

statements to the police admitting that he robbed the stores in question.

In addition, the remarks at issue were isolated, unlikely to cause significant prejudice, and not deliberately placed to divert the jury's attention to extraneous matters. In sum, the remarks were not improper and, assuming they were, Swain cannot show that they prejudiced him.

Likewise, the use of the term "fugitive" during two witnesses' testimony and the Government's closing argument does not amount to plain error. In each case, the Government merely used a factually accurate term to describe Swain's apprehension—that a fugitive arrest warrant was filed against him and that he was found by the Fugitive Task Force.

Finally, the district court's use of the term "felon" in defining the § 922(g) counts in its instructions was not plainly erroneous. Again, Swain has failed to cite any precedent suggesting that substituting "felon" or "felony" for "crime punishable by imprisonment for a term exceeding one year" constitutes reversible error. This lack of support is not surprising, because, as discussed, we have consistently used the term "felon" as a shorthand in such cases. See, e.g., Milton, 52 F.3d at 81 (explaining that "in a felon-in[-]possession case such as this, the district court must instruct the jury that the government must prove beyond a reasonable doubt that at the time

7

the defendant possessed the firearm he had a qualifying previous <u>felony</u> conviction, that is a prior conviction for an offense punishable by a term of imprisonment exceeding one year") (emphasis added).

Because we find no error, let alone plain error, we likewise reject Swain's invitation to find cumulative error in this case. <u>See</u> <u>United States v. Basham</u>, 561 F.3d 302, 330 (4th Cir. 2009).

Finally, Swain contends that the district court committed reversible error during sentencing because it failed to adequately explain its sentence.[2] We review a sentence for abuse of discretion. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court did not commit significant procedural error, such as improperly calculating the Guidelines range,

---

[2] The Government suggests that, because Swain did not object to the adequacy of the district court's explanation, plain error review applies. <u>See</u> <u>United States v. Lynn</u>, 592 F.3d 572, 576-77 (4th Cir. 2010). In <u>Lynn</u>, however, we explained that a defendant preserves an objection to the district court's failure to provide an individualized explanation for a sentence by "drawing on argument from § 3553 for a sentence different than the one ultimately imposed." <u>Lynn</u>, 592 F.3d at 578. In this case, Swain argued to the district court for a sentence of 1284 months imprisonment, the statutory minimum on the 18 U.S.C. § 924(c) counts, contending that such a sentence "covers all the goals of sentencing as expressed through the factors in 3553(a)." By doing so, Swain preserved his objection. <u>See</u> <u>Lynn</u>, 592 F.3d at 581 ("Tucker's § 3553 arguments in the district court for a different sentence than the one he received preserved his claim of procedural sentencing error on appeal.").

failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then review the sentence for substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008); see also Rita v. United States, 551 U.S. 338, 345-59 (2007).

In this case, Swain contends that the district court committed procedural error by failing to give an adequate explanation for the sentence imposed. We disagree. During sentencing, the district court adopted the Presentence Report, which concluded that Swain had a total offense level of 32 and a criminal history category of VI, yielding an advisory Guidelines range of 210 months to 262 months on the robbery convictions, plus a statutory mandatory minimum sentence of 1284 months for the multiple § 924(c) convictions. Swain did not object to the PSR but requested that the district court sentence him to the 1284 months without adding the Guidelines sentence, suggesting that a sentence of 107 years imprisonment satisfied all of the requirements under 18 U.S.C. § 3553(a) and provided adequate deterrence. The district court responded, "I probably don't disagree with you, but he did certainly endanger several lives."

9

Swain declined the opportunity to allocute on his own behalf, and the district court sentenced Swain to 1284 months plus 210 months.

We believe that the district court's explanation for Swain's sentence is sufficient. We have explained that a district court "need not necessarily issue a comprehensive, detailed opinion," as long as the district court's explanation satisfies us that the court considered the parties' arguments and exercised reasoned judgment in its sentencing decision. United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010). In this case, the district court discussed the § 3553(a) factors and, while suggesting that Swain's request for a lower sentence had some merit, noted that Swain's conduct endangered lives. By doing so, the district court has satisfied us that it reviewed and rejected Swain's arguments, made an individualized determination of his case, and exercised reasoned judgment in his sentencing.

For the foregoing reasons, we affirm Swain's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED